## JORDAN vs. COBB ET AL.

[ACTION ON PROMISSORY NOTE.]

1. *Promissory note; what sufficient consideration for.*—M., in March, 1863, having purchased property of R., gave him in payment an order, payable in Confederate currency, on C., who was M.'s debtor. C. took up the order, giving therefor his promissory note to R.,—*Held*, that the note was neither illegal, nor without consideration.

APPEAL from Circuit Court of Lee.
Heard before Hon. LITTLEBERRY STRANGE.

REESE, on the 19th day of March, 1863, sold to McElhany an interest in a distillery, Reese receiving in payment therefor an order, drawn by McElhany in favor of Reese upon appellees, for "$1,100 00 in Confederate currency." At the date of the order, as well as at the time of the trial, appellees were indebted to McElhany in a note given by them in 1861 for a good and legal consideration; but not being able to pay the order on presentation, appellees executed to Reese their promissory note, payable one day after date, and took up the order. The order was drawn on appellees without consulting them, and there was no

express understanding that their indebtedness should be credited with the amount of the order. Appellees' indebtedness to McElhany had not been settled, nor had they ever borrowed any Confederate currency from Reese.

Reese transferred the note after maturity to Jordan, who brought this suit. On the trial, the court charged the jury, in substance, that if the note sued on was given for the order, then the plaintiff was not entitled to recover. The court also charged the jury, that a payment by defendants of the order would be no protection to them if sued on their indebtedness by McElhany. The plaintiff duly excepted to the giving of each of these charges, as well as to the refusal of the court to charge the jury that they should find for the plaintiff if they believed the evidence.

In consequence of the ruling the plaintiff took a non-suit, &c., and now moves to set aside the same.

The errors assigned are the charges of the court and the refusal to give the charge asked.

STONE & CLOPTON, for appellants.

W. H. BARNES, contra.—The note in this case was given upon the consideration of an order from McElhany to pay so much Confederate money; the order was illegal, as it was to pay and deal in an illegal and insurrectionary currency, and the order, which was the consideration, being illegal, the note given in the place of the Confederate money was only for Confederate money, and has no other consideration but the Confederate, that being illegal and void as against public policy, cannot be enforced by the courts. The note is founded on the order for Confederate money. The note is an executory contract, given and founded upon an illegal consideration, and the court will not aid in its collection.

PECK, C. J.—The evidence disclosed in the bill of exceptions does not show that the note described in the complaint was given without consideration, or that the consid-

eration was illegal. The order on the defendants for $1,100, payable in Confederate currency, was of some value to the payee of the note, and its surrender to the defendants was a detriment to him. The order was given to him for an interest in a distillery sold by him to the drawer of the order, and if it had been protested he might have recovered of the drawer the value of so much Confederate currency at the date of the order, or the value of the interest in the distillery sold by him to the drawer.

This court has decided that a note given for *a loan of Confederate currency* is void, (*Hale v. Huston, Sims & Co.,* 44 Ala. 134,) but a note payable in such currency, *given for property purchased,* is not.—*Herbert & Gessler v. Easton,* 43 Ala. 547. The evidence does not show that the giving of this note was not a benefit to the defendants. It was received by the payee of the said order instead of Confederate currency, to accommodate the defendants; the reasonable presumption is, therefore, that they were benefited by it. The charges given by the court are erroneous. The charge asked by the plaintiff is a proper charge, and should have been given.

The judgment is reversed, the non-suit is set aside, and the cause is remanded for another trial. The appellees will pay the cost.